

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 24, 1967

Hon. J. W. Edgar                    Opinion No. M-158
Commissioner of Education
Texas Education Agency          Re: By what procedure or
Austin, Texas                        method may it be deter-
                                     mined in an independent
                                     school district regular
                                     trustee election which
                                     of the successful candi-
                                     dates shall be or has
                                     been elected to fill the
                                     vacancy (one year) term,
                                     where the district may
                                     not or does not elect
                                     its trustees pursuant
Dear Dr. Edgar:                      to Article 2775a-1.

        By recent letter you have requested an opinion
of this office in regard to the above stated matter. We
quote from your letter as follows:

        "Prior to enactment of House Bill 684
    (Acts 60th Leg., R.S. 1967, at page 1073;
    codified as Article 2777-1) a person appoint-
    ed to a vacancy on a board of trustees of
    an independent school district was appointed
    to fill the same for the unexpired term.

        "Effective August 28, 1967, Article
    2777-1 provides in part:

        "Section 1.  In all independent school
    districts. . .if a vacancy occurs on the
    board of trustees, the remaining members
    of board of trustees shall fill the vacancy
    until the next regular election for members
    of the board of trustees.  If, at the time
    of that election, there remains any portion
    of the term so filled, a person shall be
    elected to serve out the remainder of the
    unexpired term. . . .

-735-

"Subject to this law, a person was recently appointed to a vacancy on the board of trustees of an independent school district. The term of the office he fills expires in April, 1969.

"On first Saturday in April, 1968, is the next regular election for trustees. At that time, as the statute requires, a person shall be elected to serve out the remainder of the unexpired term (one year).

"At the same election in April, this district will normally elect three trustees for three year terms. (Article 2774a, V.C.S.) The district has not adopted the place or position number basis of electing its trustees, permitted under Article 2775a-1. Many independent school districts are not eligible to adopt its provisions. Therefore, normally those candidates which receive the larger number of votes at the election will be elected as trustees to fill those offices then up for election, this year four: Three for 3-year terms, one for the unexpired 1-year term.

"The cited district, several other inquiring independent school districts faced with the same vacancy filling election problem, and this Agency would appreciate an opinion from the Office of Attorney General on the question(s):

"By what procedure or method may it be determined in an independent school district regular trustee election which of the successful candidates shall be or has been elected to fill the vacancy (one-year) term, where the district may not or does not elect its trustees pursuant to Article 2775a-1?"

Article 2775a-1, Vernon's Civil Statutes, originally enacted by the legislature in 1955 and amended in 1963 and again in 1965, would solve the problem at hand. It would permit the school boards to set out the vacancy

position as a separate position and permit the people to vote for the particular vacancy position and permit candidates to run for this particular position. However, Article 2775a-1, V.C.S., does not apply to independent school districts of less than five hundred scholastics, and also, it is an optional statute. Consequently, this opinion will be restricted to a discussion of the independent school districts which have not adopted or are not subject to the provisions of Article 2775a-1.

The underlying intent of Section 1 of Article 2777-1, quoted above, is that the voters should be permitted to fill any school board trustee vacancy without calling a special election whenever a vacancy occurs. Thus, the present members of the school board may only fill the vacancy until the next general election and at which time the ballot would specifically designate the names of the candidates seeking to fill the unexpired term.

In line with the above stated statutory purpose, it is the opinion of this office that Article 2777-1 requires that the vacancy position be specifically designated on the ballot so that the voters will know that they are filling a vacancy as they are required to do by law.

### S U M M A R Y

In all independent school districts not subject to the provisions of Article 2775a-1, Vernon's Civil Statutes, the effect of Article 2777-1, Vernon's Civil Statutes, is to require that the ballot specifically designate that an unexpired term is being filled by the voters.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman

W. V. Geppert
James Quick
John Banks
Dunklin Sullivan

A. J. CARUBBI, JR.
Staff Legal Assistant